IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAID AHMED HASSAN, | No. C 08-5576 WHA (PR) |
| Petitioner, | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |
| vs. | |
| D. K. SISTO, Warden, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at Solano State Prison in Vacaville, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper in this district because petitioner was convicted in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

In 2006 an Alameda County jury convicted petitioner of second degree robbery with an associated enhancement for personal use of a knife. With another enhancement for a prior "strike" conviction, he was sentenced to sixteen years in prison. On direct appeal the California Court of Appeal reversed and vacated the one-year enhancement for personal use of a knife and otherwise affirmed. The California Supreme Court denied review. Petitioner also filed a state habeas petition in the California Supreme Court; it was denied.

///

**DISCUSSION**

**A.   STANDARD OF REVIEW**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   LEGAL CLAIMS**

Petitioner's listing of his issues is confusing, and in places incomprehensible. For instance, in the space on the form petition for claim one he has written only: "Pages 6 of 7/1 to 7/6." The same phrase is written in the "supporting facts" section for that claim. This odd page numbering system is not the end of it, however, because once the section which uses it is found (the first page is numbered "6 of 7/1," the second "6 of 7/2," and so on), the first issue is phrased thus: "Ineffective Assistance of Counsel's Omissions and Deficient Trial and Prior Offense Defense Performance Prejudice Petitioner in Failing to Present an Adequate Defense on Issues Argued in Arguments I-V-And VI. As Brief Is Miscarriage Of Justice And 6th Amendment Violations: And Violated § 2254.(d)(1);(2)." This might be interpreted, though with some difficulty, but it is not possible to determine what petitioner means by "Argument I-V-And VI." There are no sections so numbered in the "6 of 7/x" attachment itself, and

2

following the form petition are several attachments, including a supplemental brief filed in the California Court of Appeal by counsel; another supplemental brief, this time by petitioner pro se, also filed in the California Court of Appeal; a habeas petition filed in the court of appeal; and a petition for review filed in the Supreme Court of California. In some ways this first issue is the most comprehensible of those listed in the "6 of 7/x" attachment, but the inclusion of other arguments and documents by reference, particularly when the document referred to is unclear, renders it impossible to be sure what petitioner's issues are.

An example of another problem is issue 2B, which is divided in to two parts labeled "A" and "B." Part A reads: "The evidence in support of the knife use enhancement was dismissed now affects the determination of the previous sentence choice being challenged." Here the problem is simply that the statement makes no sense.

The petition will be dismissed with leave to amend to file a petition that clearly and simply sets out petitioner's claims and supporting facts in the petition itself. A claim, for instance, might be something like "My Sixth Amendment right to effective assistance of counsel was violated by trial counsel's failure to do X, Y and Z." The supporting facts might be something like "I told counsel that witness X was an alibi witness but counsel did not interview X," or whatever the essential facts are of the claim petitioner wishes to advance.

Petitioner may not incorporate by reference material from the attachments into the list of claims, and should not include argument in the list. At present the there is much unnecessary argument in the papers labeled "page 6 of 7/x. Petitioner may file whatever argument he feels necessary, but this should be in a separate attachment, not in the form petition itself. He also may attach such documents as he thinks necessary, but must identify each document on the first page with a label such as "Exhibit A" or some label that will make clear what document he means when he refers to it in his argument. There need be no such references in the list of issues or the supporting facts for the issues.

## CONCLUSION

1. The petition is **DISMISSED** with leave to amend within thirty days from the date this order is entered. The amendment must be on the court's form for prisoner section 2254

3

1  petitions and must include the caption and civil case number used in this order and the words
2  AMENDED PETITION on the first page.  Failure to amend within the designated time will
3  result in the dismissal of the case.
4      2. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the court
5  informed of any change of address and must comply with the court's orders in a timely fashion.
6  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
7  Federal Rule of Civil Procedure 41(b).
8  **IT IS SO ORDERED.**
9  Dated: February __3__, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\HC.08\HASSAN5576.DSLTA.wpd

4