IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAID AHMED HASSAN,  No. C 08-5576 WHA (PR)

    Petitioner,  **ORDER TO SHOW CAUSE**

  vs.

D. K. SISTO, Warden,

    Respondent.
                                    /

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at Solano State Prison in Vacaville, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition was dismissed with leave to amend. Petitioner filed a timely amended petition.

## STATEMENT

In 2006, an Alameda County jury convicted petitioner of second-degree robbery with an associated enhancement for personal use of a knife. With another enhancement for a prior "strike" conviction, he was sentenced to sixteen years in prison. On direct appeal the California Court of Appeal reversed and vacated the one-year enhancement for personal use of a knife and otherwise affirmed. The California Supreme Court denied review. Petitioner also filed a state habeas petition in the California Supreme Court; it was denied.

//

//

**DISCUSSION**

**A.  STANDARD OF REVIEW**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.  LEGAL CLAIMS**

As grounds for relief, petitioner claims: (1) that he received ineffective assistance of counsel; (2) that the California Court of Appeal violated his right to due process; (3) that the trial court violated his Fourth Amendment rights; (4) that his constitutional right to a speedy trial was violated; (5) that he and his trial counsel had a conflict which caused a violation of his Sixth and Fourteenth Amendment rights; and (6) that the use of a prior plea from 2001 violates his right to due process because it violated his plea agreement.

Petitioner's third claim, in which he argues that the trial court violated his Fourth Amendment rights by admitting evidence obtained by an unlawful search and seizure, is not cognizable. *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Even if the state courts' determination of the Fourth Amendment

issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. *Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir.1983). All *Stone v. Powell* requires is the initial opportunity for a fair hearing. Such an opportunity for a fair hearing forecloses this court's inquiry upon habeas petition into the trial court's subsequent course of action, including whether or not the trial court made any express findings of fact. *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated 4th Amendment claim in state court is irrelevant if he had opportunity to do so under California law). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim.

Liberally construed, petitioner's remaining claims are sufficient to require a response.

## CONCLUSION

1. The clerk shall mail a copy of this order and the amended petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims in the petition identified above. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the

3

1 court and serve on respondent an opposition or statement of non-opposition within thirty days
2 of the date the motion is filed, and respondent shall file with the court and serve on petitioner a
3 reply within fifteen days of the date any opposition is filed.

4     4. Petitioner is reminded that all communications with the court must be served on
5 respondent by mailing a true copy of the document to respondent's counsel. Petitioner must
6 keep the court informed of any change of address and must comply with the court's orders in a
7 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
8 pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772
9 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

10 **IT IS SO ORDERED.**

11 Dated: June __14__, 2010.

12 WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

26 G:\PRO-SE\WHA\HC.08\HASSAN5576.OSC.wpd