IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAID AHMED HASSAN,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>D. K. SISTO, Warden,<br><br>　　　　Respondent. | No. C 08-5576 LHK (PR)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br><br>(Docket No. 27) |

　　　Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. After reviewing the briefs and the underlying record, the Court found that Petitioner was not entitled to relief based on the claims presented and denied the petition. (Docket No. 25.)

　　　Petitioner has filed a "petition for rehearing en banc," citing Federal Rules of Appellate Procedure ("FRAP") 35 and 40. (Docket No. 27.) However, the FRAP governs the procedure in appeals to the United States Courts of Appeals from the United States District Courts, and provides no basis for bringing matters before this Court. In the interest of justice, the Court will construe the filing as a motion for reconsideration under the Federal Rules of Civil Procedure.

///

///

///

Order Denying Motion for Reconsideration
Hassan5576.motion.hhl.wpd

**DISCUSSION**

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). Motions under Rule 59(e) must be brought within ten days of entry of judgment, which this motion was not, so Petitioner's motion will be treated as being brought pursuant to Rule 60(b).[1]

Rule 60(b) lists six grounds for relief from a judgment: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision is not adequate grounds for relief. See Twentieth Century - Fox Film Corp., 637 F.2d at 1341. Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

Petitioner states that he is seeking review of claim 5 of his petition, which attacked the use of a prior conviction plea agreement to enhance his current conviction. Petitioner asserts in his motion that he is "presenting new facts and legal bases that have not already been presented in his brief." (Mot. at 1.) Petitioner asserts that he entered into the plea agreement only after he

---

[1] Judgment was entered on January 24, 2012, and Petitioner's motion is signed February 9, 2012, which is six days past the 10 day deadline. (Docket No. 27 at 3.)

1 was "informed/promised that [he] was not pleading to a serious or violent felony" and that he
2 would not have plead no-contest to the prior conviction if he had known that it was serious or
3 violent felony.  (<u>Id.</u> at 3.)  Petitioner also claims that his counsel rendered ineffective assistance
4 for failing to advise him that he was pleading to a serious or violent felony.  Based on his
5 arguments, the Court assumes Petitioner's motion is based on subparagraph (2) – "newly
6 discovered evidence."  However, Petitioner's allegedly newly discovered evidence could have
7 been discovered before the Court's decision by due diligence.  The exhibits Petitioner submits in
8 support of his motion include an affidavit signed by his attorney on April 17, 2006, and excerpts
9 from his 2001 conviction proceedings.  The information contained therein was available to
10 Petitioner well before the Court ruled on his habeas petition.

11     Accordingly, the motion for reconsideration, (Docket no. 27), is DENIED.
12     IT IS SO ORDERED.
13 DATED:  4/10/12

LUCY H. KOH
United States District Judge

Order Denying Motion for Reconsideration
Hassan5576.motion.hhl.wpd                          3